| | |
|---|---|
| 1 | Ernest M. Malaspina, Bar No. 187946 |
|   | emalaspina@hopkinscarley.com |
| 2 | Tracy E. Loftesness, Bar No. 196988 |
|   | tloftesness@hopkinscarley.com |
| 3 | HOPKINS & CARLEY |
|   | A Law Corporation |
| 4 | The Letitia Building |
|   | 70 S First Street |
| 5 | San Jose, CA  95113-2406 |

6  *mailing address:*
   P.O. Box 1469
7  San Jose, CA 95109-1469
   Telephone:     (408) 286-9800
8  Facsimile:     (408) 998-4790

9  Attorneys for Defendants
   RESPONSIBLE ROOFING, INC., PAUL MARVIN
10 ELMORE JR., PAUL MEARS ELMORE, and
   DAVID LANDEROS

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| FEDERICO QUEZADA and ANTONIO QUEZADA, | CASE NO.  C08-00821-PVT |
| Plaintiff, | **ANSWER TO COMPLAINT FOR DAMAGES** |
| v. | |
| RESPONSIBLE ROOFING, INC., PAUL MARVIN ELMORE JR., PAUL MEARS ELMORE, ERICK LANDEROS, DAVID LANDEROS, and DOES 1 - 10, | |
| Defendant. | |

Defendants Responsible Roofing, Inc. (hereinafter "Responsible"), Paul Marvin Elmore Jr., Paul Mears Elmore, and David Landeros (collectively, "Defendants") by and through their undersigned counsel, answer the Complaint for Damages ("Complaint") filed by plaintiffs Federico Quezada and Antonio Quezada (collectively, "Plaintiffs") as follows:

1.     Responding to the allegation in paragraph 1 of the Complaint, Defendants admit that Plaintiffs were employed on an hourly basis by Responsible from in or about August 2004

1  until on or about May 30, 2007, and were thereafter employed by Responsible on a piece rate
2  basis until on or about September 19, 2007; Defendants admit Plaintiffs seek damages from
3  Defendants for alleged failure to pay overtime as required by FLSA and California Wage Orders
4  and statutes; and Defendants admit that Plaintiffs seek compensatory damages for wages under
5  the California Labor Code and Wage Orders, liquidated damages under 29 U.S.C. section 216(b),
6  damages for allegedly missed meal premiums, waiting time penalties under California Labor
7  Code section 203, damages for allegedly inadequate pay statements under California Labor Code
8  section 226, and attorney's fees, costs, prejudgment interest pursuant to California Labor Code
9  section 1194(a) and 29 USC section 216(b), and restitution under California Unfair Trade
10 Practices Act, Business & Professions Code section 17203; except as so admitted, Defendants
11 deny each and every allegation contained in Paragraph 1.

12      2.      Responding to the allegations in paragraph 2 of the Complaint, Defendants admit
13 those allegations.

14      3.      Responding to the allegations in paragraph 3 of the Complaint, Defendants admit
15 those allegations.

16      4.      Responding to the allegations in paragraph 4 of the Complaint, Defendants admit
17 those allegations.

18      5.      Responding to the allegations in paragraph 5 of the Complaint, Defendants admit
19 that Paul Marvin Elmore Jr. was at all relevant times herein an owner, manager, and employee of
20 Responsible and had control over the Plaintiffs' work condition and work situation; that David
21 Landeros was at all relevant times herein a manager and an employee of Responsible and had
22 control over the Plaintiffs' work condition and work situation; except as so admitted, Defendants
23 deny each and every allegation contained therein regarding Paul Mears Elmore, Paul Marvin
24 Elmore Jr., and/or David Landeros.  Defendants are without sufficient knowledge or information
25 to form a belief as to the truth or falsity of the allegations regarding "Erick Landeros" or Does 1-
26 10, and on that basis generally and specifically deny each and every one of the allegations
27 contained therein pertaining to "Erick Landeros" and/or Does 1-10.
28

1      6.      Responding to the allegations in Paragraph 6 of the Complaint, Defendants admit
2  those allegations.

3      7.      Defendants are without sufficient knowledge or information to form a belief as to
4  the truth or falsity of the allegations regarding whether Plaintiffs were acting in the normal course
5  and scope of employment duties with Responsible as Plaintiffs have filed to specify the
6  applicable times or circumstances in their Paragraph 7, and on that basis Defendants generally
7  and specifically deny each and every one of such allegations in Paragraph 7; Defendants
8  generally and specifically deny each and every other allegation in Paragraph 7.

9      8.      Responding to the allegations in Paragraph 8 of the Complaint, Defendants admit
10  that Plaintiffs occasionally worked more than 8 hours per day or 40 hours per week during the
11  course of their employment with Responsible; and, except as so admitted, deny each and every
12  other allegation contained in Paragraph 8.

13      9.      Responding to the allegations in Paragraph 9 of the Complaint, Defendants admit
14  those allegations as to Responsible, as to the period from in or about August 2004 to on or about
15  May 30, 2007; and, except as so admitted, deny each and every other allegation contained in
16  Paragraph 9.

17      10.     Responding to the allegations in Paragraph 10 of the Complaint, Defendants admit
18  those allegations, except that Plaintiffs were responsible for taking meal period breaks out on job
19  sites after five hours of work in a day, as they had been directed by Responsible.

20      11.     Responding to the allegations in Paragraph 11 of the Complaint, Defendants admit
21  that Plaintiffs did not exclusively manage any division of Responsible, and that Plaintiffs did not
22  directly supervise any employee or participate in the development of general administrative
23  policy of Responsible; except as so admitted, Defendants are without sufficient knowledge or
24  information to form a belief as to the truth or falsity of the allegations regarding Plaintiffs'
25  professional license status, and on that basis generally and specifically deny each and every one
26  of the allegations contained therein pertaining to deny each and every other allegation contained
27  in Paragraph 11.

28

1  12. Responding to the allegations in paragraph 12 of the Complaint, which re-alleges and incorporates paragraph 1-11 as if fully stated herein, Defendants re-allege and incorporate their above responses to paragraphs 1-11 as though fully set forth herein.

13. Responding to the allegations in paragraph 13 of the Complaint, Defendants deny each and every allegation contained therein because there is no California Labor Code section 501.

14. Responding to the allegations in Paragraph 14 of the Complaint, Defendants admit that Plaintiffs occasionally worked more than 8 hours per day or 40 hours per week during the course of their employment with Responsible; and, except as so admitted, deny each and every other allegation contained in Paragraph 14.

15. Responding to the allegations in paragraph 15 of the Complaint, Defendants admit that California Labor Code Section 1194(a) states that "[n]otwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interests thereon, reasonable attorney's fees, and costs of suit," and except as so admitted, Defendants deny each and every allegation contained in the said paragraph.

16. Responding to the allegations in paragraph 16 of the Complaint, Defendants deny each and every allegation contained therein.

17. Responding to the allegations in paragraph 17 of the Complaint, Defendants deny each and every allegation contained therein.

18. Responding to the allegations in paragraph 18 of the Complaint, Defendants deny each and every allegation contained therein.

19. Responding to the allegations in paragraph 19 of the Complaint, Defendants admit that Plaintiffs are requesting pursuant to Labor Code Section 1194(a) that the court award Plaintiffs reasonable attorney's fees and costs incurred by them in this action.

20. Responding to the allegations in paragraph 20 of the Complaint, which re-alleges and incorporates paragraph 1-19 as if fully stated herein, Defendants re-allege and incorporate

1 their above responses to paragraphs 1-19 as though fully set forth herein.

2    21.   Responding to the allegations in paragraph 21 of the Complaint, Defendants admit each and every allegation contained therein.

4    22.   Responding to the allegations in paragraph 22 of the Complaint, Defendants admit that 29 U.S.C. Section 207 states what the Section states as of the filing of this Answer.

6    23.   Responding to the allegations in paragraph 23 of the Complaint, Defendants admit that Plaintiffs were not exempt from the FLSA during their employment with Responsible; except as so admitted, Defendants deny each and every allegation contained in Paragraph 23.

9    24.   Responding to the allegations in paragraph 24 of the Complaint, Defendants deny each and every allegation contained therein.

11   25.   Responding to the allegations in paragraph 25 of the Complaint, Defendants deny each and every allegation contained therein.

13   26.   Responding to the allegations in paragraph 26 of the Complaint, Defendants deny each and every allegation contained therein.

15   27.   Responding to the allegations in paragraph 27 of the Complaint, Defendants deny each and every allegation contained therein.

17   28.   Responding to the allegations in paragraph 28 of the Complaint, Defendants lack sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 28, and on that basis deny each and every allegation contained therein.

20   29.   Responding to the allegations in paragraph 29 of the Complaint, which re-alleges and incorporates paragraph 1-28 as if fully stated herein, Defendants re-allege and incorporate their above responses to paragraphs 1-28 as though fully set forth herein.

23   30.   Responding to the allegations in paragraph 30 of the Complaint, Defendants admit that Plaintiffs' employment with Responsible was at all relevant times subject to the provisions of California Labor Code section 226.7, which Defendants admit provides in section (a) that "[n]o employer shall require any employee to work during any meal or rest period mandated by an applicable order the Industrial Welfare Commission," and provides in section (b) that "[i]f an employer fails to provide an employee a meal period or rest period in accordance with an

applicable order of the Industrial Welfare Commission, the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each work date that the mean or rest period is not provided"; except as so admitted, Defendants each and every allegation contained therein.

31. Responding to the allegations in paragraph 31 of the Complaint, Defendants admit that during Plaintiffs' employment with Responsible, Plaintiffs frequently worked at least five hours per day, on the days they did work for Responsible; except as so admitted Defendants deny each and every allegation contained therein.

32. Responding to the allegations in paragraph 32 of the Complaint, Defendants admit that, under Section 226.7(b) of the California Labor Code, employees who are not provided with required meal periods are entitled to be paid "one additional hour of pay at the employee's regular rate of compensation for each work day that the meal or rest period is not provided"; except as so admitted Defendants deny each and every allegation contained therein.

33. Responding to the allegations in paragraph 33 of the Complaint, Defendants deny each and every allegation contained therein.

34. Responding to the allegations in paragraph 34 of the Complaint, which re-alleges and incorporates paragraph 1-33 as if fully stated herein, Defendants re-allege and incorporate their above responses to paragraphs 1-33 as though fully set forth herein.

35. Responding to the allegations in paragraph 35 of the Complaint, Defendants deny each and every allegation contained therein.

36. Responding to the allegations in paragraph 36 of the Complaint, Defendants admit those allegations.

37. Responding to the allegations in paragraph 37 of the Complaint, Defendants deny each and every allegation contained therein.

38. Responding to the allegations in paragraph 38 of the Complaint, Defendants admit that Plaintiffs are requesting, pursuant to California Labor Code Section 218.6, that the court award interest on any due and unpaid wages, at the legal rate specified by Civil Code Section 3289(b), accruing from the date the wages, if any, were due and payable; except as so admitted,

1  Defendants deny each and every allegation contained therein.

2      39. Responding to the allegations in paragraph 39 of the Complaint, which re-alleges
3  and incorporates paragraph 1-38 as if fully stated herein, Defendants re-allege and incorporate
4  their above responses to paragraphs 1-38 as though fully set forth herein.

5      40. Responding to the allegations in paragraph 40 of the Complaint, Defendants admit
6  those allegations.

7      41. Responding to the allegations in paragraph 41 of the Complaint, Responsible
8  admits that it was at all relevant times herein subject to California Business & Professions Code
9  section 17000 et seq. as the employer of Plaintiffs from in or about August 2004 to in or about
10 September 2007; except as so admitted, Defendants deny each and every allegation contained
11 therein.

12     42. Responding to the allegations in paragraph 42 of the Complaint, Defendants deny
13 each and every allegation contained therein.

14     43. Responding to the allegations in paragraph 43 of the Complaint, Defendants deny
15 each and every allegation contained therein.

16     44. Responding to the allegations in paragraph 44 of the Complaint, Defendants deny
17 each and every allegation contained therein.

18     45. Responding to the allegations in paragraph 45 of the Complaint, Defendants deny
19 that they were aware of the existence and requirements of the Unfair Trade Practices Act at all
20 relevant times, and deny each and every other allegation contained therein.

21     46. Responding to the allegations in paragraph 46 of the Complaint, Defendants admit
22 that Plaintiffs seek restitution of allegedly unpaid wages pursuant to the Business & Professions
23 Code section 17203; except as so admitted, Defendants deny each and every allegation contained
24 therein.

25     47. Responding to the allegations in paragraph 47 of the Complaint, which re-alleges
26 and incorporates paragraph 1-46 as if fully stated herein, Defendants re-allege and incorporate
27 their above responses to paragraphs 1-46 as though fully set forth herein.

28

48.     Responding to the allegations in Paragraph 48, Defendants admit that California Labor Code section 226(a) states: "Every employer shall, semimonthly or at the time of each payment of wages, furnish each of his or her employees, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately when wages are paid by personal check or cash, an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee, except for any employee whose compensation is solely based on a salary and who is exempt from payment of overtime under subdivision (a) of Section 515 or any applicable order of the Industrial Welfare Commission, (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions.

49.     Responding to the allegations in Paragraph 49, Defendants admit that California Labor Code section 226(e) states: "An employee suffering injury as a result of a knowing and intentional failure by an employer to comply with subdivision (a) is entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not exceeding an aggregate penalty of four thousand dollars ($4,000), and is entitled to an award of costs and reasonable attorney's fees," and deny the remainder.

50.     Responding to the allegations in Paragraph 50, Defendants deny each and every allegation contained therein.

51.     Responding to the allegations in Paragraph 51, Defendants deny each and every allegation contained therein.

52.     Responding to the allegations in Paragraph 52, Defendants deny each and every allegation contained therein.

53.     Responding to the allegations in Paragraph 53, Defendants deny each and every allegation contained therein.

54.     Responding to the allegations in Paragraph 54, Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations regarding whether Plaintiffs have incurred costs or fees in bringing this action, and on that basis generally

and specifically deny each and every allegation in Paragraph 54.

**AFFIRMATIVE DEFENSES**

56. As and for a FIRST separate and affirmative defense, Defendants allege that the Complaint fails to state facts sufficient to constitute a claim for relief as to Defendants, and each of them.

57. As and for a SECOND separate and affirmative defense, Defendants allege that the causes of action alleged in the Complaint are barred, in whole or in part, in that Plaintiffs failed to mitigate the amount of their respective damages, if any.

58. As and for a THIRD separate and affirmative defense, Defendants allege that the causes of action alleged in the Complaint are barred, in whole or in part, by the doctrine of estoppel.

59. As and for a FOURTH separate and affirmative defense, Defendants allege that the causes of action alleged in the Complaint are barred, in whole or in part, by the doctrine of waiver.

60. As and for a FIFTH separate and affirmative defense, Defendants allege that the causes of action alleged in the Complaint are barred, in whole or in part, by the doctrine of laches.

61. As and for a SIXTH separate and affirmative defense, Defendants allege that the causes of action alleged in the Complaint are barred, in whole or in part, by the applicable statutes of limitations, including but not limited to California Code of Civil Procedure Sections 338(a), 339, and 340(a) and/or (b), Labor Code section 203, California Business & Professions Code section 17208, and/or 29 U.S.C. section 255(a).

62. As and for a SEVENTH separate and affirmative defense, Defendants allege that the alleged actions, communications and conduct, if any, of Defendants were not a proximate cause of damage to Plaintiffs, or any of them.

63. As and for an EIGHTH and separate affirmative defense, Defendants allege that the purported cause of action alleged in the Complaint are barred, in whole or in part, in that Plaintiff, and each of them, worked on a piece rate from May 31, 2007 until the last date of their employment.

64. As and for a NINTH and separate affirmative defense, Defendants allege that the purported causes of action alleged in the Complaint against Paul Mears Elmore is barred, in whole or in part, in that Paul Mears Elmore was not an owner, affiliate, employee, or manager of Responsible, or an employer of Plaintiffs, at any time relevant to the allegations contained in the Complaint.

65. As and for a TENTH and separate affirmative defense, Defendants allege that the purported causes of action alleged in the Complaint against Paul Marvin Elmore, Jr. and David Landeros are barred, in whole or in part, in that such individual defendants were not the employer of Plaintiffs.

66. As and for an ELEVENTH and separate affirmative defense, Defendants allege that any alleged business practices were not actionable under Business & Professions Code section 17000 et seq. as they were not unlawful, unfair, or fraudulent.

67. As and for a TWELFTH and separate affirmative defense, Defendants allege that the cause of action alleged under California Business & Professions Code section 17000 et seq. is barred in whole or in part to the extent that Defendants would be denied their rights to due process by allowing a non-class representative to pursue an action that could result in multiple lawsuits on the same claim(s).

68. As and for a THIRTEENTH and separate affirmative defense, Defendants allege that the Complaint is barred to the extent that Defendants complied with all applicable Labor Code sections and applicable Industrial Welfare Commission Wage Orders, including but not limited to discharging any obligations by payment.

69. As and for a FOURTEENTH and separate affirmative defense, Defendants allege that liquidated damages are barred to the extent that any act or omission by Defendant allegedly giving rise to the cause of action under the FLSA was in good faith and with reasonable grounds for believing that the act or omission was not in violation of the FLSA of 1938, as amended.

WHEREFOR, Defendants pray as follows:

1. That Plaintiffs take nothing by reason of their Complaint, that judgment be rendered in favor of Defendants, and each of them;

1    2.    That Defendants, and each of them, be awarded their costs of suit incurred in defense of this action;

3.    That Defendants, and each of them, be awarded their attorney's fees incurred in defense of this action; and

4.    For such other and further relief as the Court deems proper.

Dated: March 31, 2008

HOPKINS & CARLEY
A Law Corporation


By:  /s/ Ernest M. Malaspina
    Ernest M. Malaspina
    Attorneys for Defendants
    RESPONSIBLE ROOFING, INC., PAUL MARVIN ELMORE JR., PAUL MEARS ELMORE and DAVID LANDEROS