ADAM WANG, Bar No. 201233
LAW OFFICES OF ADAM WANG
12 South First Street, Suite 613
San Jose, CA 95113
Tel: (408) 292-1040
Fax: (408) 416-0248

Attorney for Plaintiffs

Ernest M. Malaspina, Bar No. 187946
emalaspina@hopkinscarley.com
Tracy E. Loftesness, Bar No. 196988
tloftesness@hopkinscarley.com
HOPKINS & CARLEY
A Law Corporation
The Letitia Building
70 S First Street
San Jose, CA 95113-2406

*mailing address:*
P.O. Box 1469
San Jose, CA 95109-1469
Telephone: (408) 286-9800
Facsimile: (408) 998-4790
Attorneys for Defendants
RESPONSIBLE ROOFING, INC., PAUL MARVIN ELMORE JR., PAUL MEARS ELMORE, and DAVID LANDEROS

UNITED STATES DISTRICT COURT

FOR DISTRICT OF NORTHERN CALIFORNIA

| | |
|---|---|
| Federico Quezada and Antonio Quezada, | C08-00821 PVT |
| Plaintiffs, | JOINT CASE MANAGEMENT CONFERENCE STATEMENT |
| vs. | |
| Responsible Roofing, Inc., Paul Marvin Elmore Jr., Paul Mears Elmore, Erick Landeros, David Landeros, and Does 1-10 | |
| Defendants | |

In accordance with the Standing Order for All Judges of the Northern District of California, the parties in this matter hereby submit this Joint Case Management Conference

1   **C08-821 PVT**

**CASE MANAGEMENT STATEMENT**
Quezada v Responsible Roofing, Inc., et al.
000\588115.2

Statement.

## 1. JURISDICTION AND SERVICE

Plaintiffs allege that the basis for the Court's subject matter jurisdiction over Plaintiffs' claims is the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq*. Defendants dispute individual liability under the Fair Labor Standards Act, and may file a motion to dismiss one or more of the individual defendants. There are no existing issues regarding personal jurisdiction or venue. Erick Landeros remains to be served; Defendants are unaware of any individual by such name.

## 2. FACTS

Plaintiffs allege that Defendants operate a roofing business. Plaintiffs allege that they worked over 8 hours a day or 40 hours a week on regular basis. Plaintiffs allege that they were required to fill out timecards in pencil, only to find that their time entries were erased and altered. Plaintiffs also claim unpaid meal break premiums for failure to provide required meal breaks under California law, and waiting time penalties for failure to pay all wages due upon termination under California Labor Code.

The principal factual issues in dispute are:

1. Whether the timecards maintained by Defendants accurately reflect the actual number of hours worked by Plaintiffs;

2. Whether Defendants have paid all hours worked;

3. Whether Plaintiffs had taken required meal breaks.

4. Whether Plaintiffs returned to Responsible Roofing's place of business 72 hours after quitting employment without notice in order to demand payment of any wages due.

5. Whether there was a good faith dispute that any wages were due to Plaintiffs.

6. Whether Responsible Roofing's itemized statements provided in connection with the payment of wages to Plaintiffs were not adequate.

7. Whether the acts or omissions by Defendants giving rise to this suit were in good faith, and whether Defendants had reasonable grounds for believing that such acts or omissions were not a violation of applicable law.

8.      Whether the individual defendants were acting in the scope of their agency, had overall operational control of Responsible Roofing, have any ownership interest in the company, control significant functions of the business, or determine employee salaries and make hiring decisions.

### 3. LEGAL ISSUES

Plaintiffs assert that Defendants failed to pay them overtime pay in violation of California Labor Code §§ 501 and 1194 as well as in violation of the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* Plaintiffs further allege that Defendants violated California Labor Code § 226.7 by failing to provide meal and rest periods to Plaintiffs. Plaintiffs further allege that Defendants failed to pay their wages upon termination in violation of California Labor Code § 201. Finally, Plaintiffs seek restitution of overtime wages in accordance with California Business & Professions Code § 17200. Defendants generally deny liability under the above statutes. The individual defendants assert that they are not individually liable under Sections 201, 203, 226.7, 501, 1194, or 17200, or under 29 USC 201 et seq. Defendants also assert that Plaintiffs failed to trigger waiting time penalties under Labor Code section 203 by failing to return to Responsible Roofing's place of business, as per Labor Code section 208, to demand payment of wages 72 hours after quitting without notice. Defendants also assert, under 8 Cal. Code Reg. 13520, that there was a good faith dispute as to whether any wages were owed, and that, under Labor Code section 1194.2(b), the acts or omissions by Defendants giving rise to this suit were in good faith, with a reasonable belief that such acts or omissions were not a violation of applicable law.

### 4. MOTIONS

Parties anticipate the filing of the following motions:

(a)    Plaintiffs motion for leave to file the First Amended Complaint to allege claims pursuant to Private Attorney General's Act on behalf of all current and former employees;

(b)    Plaintiffs' Partial Summary Judgment Motion for Liability and Damages;

(c)    Defendants' motion for summary judgment or summary adjudication.

(d)    Plaintiffs' Motion for Attorney's Fees.

**CASE MANAGEMENT STATEMENT**
Quezada v Responsible Roofing, Inc., et al.
000\588115.2

1      (e)    If the motion in (a) is not filed, defendants' motion for leave to file first amended answer.

    (f)    Defendants' motion to dismiss one or more individual and/or unserved defendants

**5.**    **AMENDMENT OF PLEADINGS**

Plaintiffs will seek to amend Complaint to allege claims under Private Attorney General' Act on behalf all current and former employees once they have obtained the clearance from the Labor Commissioner.

**6.**    **EVIDENCE PRESERVATION**

Defendants have been notified of the need to preserve all evidence, including the electronically restored evidence, and have taken steps to do so. Plaintiffs have been so notified as well and have taken steps to do so.

**7.**    **DISCLOSURES**

Plaintiffs have served their initial disclosures; defendants will do so by the deadline.

**8.**    **DISCOVERY**

Parties agree to adhere to the limitations set forth in the Federal Rules of Civil Procedure.

**9.**    **CLASS ACTIONS**

N/A

**10.**    **RELATED CASES**

There are no related cases or proceedings pending before another Judge of this Court or before another Court or administrative body.

**11.**    **RELIEF**

Plaintiffs seek unspecified monetary damages.

**12.**    **SETTLEMENT AND ADR**

Parties agree to participate in the Court sponsored mediation. Defendants are also willing to participate in an early settlement conference with the Magistrate Judge.

4    **C08-821 PVT**
**CASE MANAGEMENT STATEMENT**
Quezada v Responsible Roofing, Inc., et al.
000\588115.2

**13.  CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES**

Parties consent to proceed before a magistrate judge for all purposes in this case.

**14.  OTHER REFERENCES**

Plaintiffs do not believe this case is suitable for a binding arbitration and will not agree to any other reference.

**15.  NARROWING OF ISSUES**

N/A

**16.  EXPEDITED SCHEDULE**

N/A

**17.  SCHEDULING**

The parties met and conferred regarding a proposed schedule, but were not able to reach agreement.  Accordingly, the parties submit their own proposed schedules to the Court for consideration, as follows, but agree that, once the schedule is set by the Court, they will meet and confer concerning any subsequent modifications to the schedule.

Plaintiffs submit the following schedule to this Court in relation to discovery, motions, designation of experts, and pretrial conference and trial:

(a)  Fact discovery cutoff on February 28, 2009;

(b)  Expert reports March 30, 2009;

(c)  Expert rebuttal reports April 30, 2009;

(d)  Expert Discovery Cutoff May 31, 2009;

(e)  Last day of hearing on dispositive motion on June 30, 2009;

(f)  Trial starts August 11, 2009

Defendants submit the following schedule to this Court in relation to discovery, motions, designation of experts, and pretrial conference and trial:

(a)  Fact discovery cutoff on October 31, 2008;

    (b)    Expert reports November 26, 2008;

    (c)    Expert rebuttal reports January 9, 2009;

    (d)    Expert Discovery Cutoff February 9, 2009;

    (e)    Last day of hearing on dispositive motion on March 13, 2009;

    (f)    Trial starts May 11, 2009

**18.   TRIAL**

Plaintiffs have requested a jury trial; defendants request a court trial. The expected length of trial is 5-7 court days.

**19.   DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS**

Parties have no person to disclose other than parties themselves.

**20.   OTHER MATTERS**

N/A.

DATED: June 3, 2008

By: /s/ Adam Wang
    ADAM WANG
    Attorneys for Plaintiffs

DATED: June 3, 2008

By: /s/ Ernest M. Malaspina   .
    ERNEST M. MALASPINA
    Attorney for Defendants

6    **C08-821 PVT**
CASE MANAGEMENT STATEMENT
Quezada v Responsible Roofing, Inc., et al.
000\588115.2